UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ELVIRE GRETCZKO, | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| vs. | ) COMPLAINT |
| MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE, | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, ELVIRE GRETCZKO ("Plaintiff"), by and through undersigned counsel, by way of Complaint against Defendant MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE ("Defendant"), states as follows:

**JURSIDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

2. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

3. Plaintiff is a natural person, who at all relevant times has resided in Yonkers, New York and is a "consumer" as used and defined under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant is a debt collector within the meaning of the FDCPA because it uses the mails in a business which has a principal purpose of debt collection and because it regularly collects and attempts to collect debts owed or due to another. Defendant has a principal place of business located at 645 Walnut Street, Suite 5, Gadsden, Alabama 35902.

5. Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Upon information and belief, in approximately June 2014, Defendant began to attempt to collect on an alleged debt owed by Plaintiff to Carolinas Medical Center Pineville ("alleged debt").

7. The alleged debt arises from a transaction for personal purposes and is therefore a consumer debt under 15 U.S.C. § 1692a(5).

8. As part of its efforts to collect on the alleged debt, Defendant reported the alleged debt as a tradeline on Plaintiff's credit report as far back as August 2014.

9. On November 3, 2016, the alleged debt was recalled by the original creditor and no longer with Defendant for purposes of collection.

10. Nonetheless, on November 20, 2016, Defendant updated its tradeline on Plaintiff's credit report and falsely reported the account as an open collection account with Defendant.

11. After discovering Defendant's tradeline erroneously reporting on her credit report, Plaintiff disputed the debt directly with Defendant finally causing it to be removed.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

12. Plaintiff repeats the allegations contained in paragraphs 1 through 11 and incorporates them as if set forth at length herein.

13. Defendant updated its account to Plaintiff's credit report as an open collection account with the knowledge that it was no longer authorized to collect on the account.

14. Defendant's posting on Plaintiff's credit report with knowledge that the alleged debt was no longer with Defendant violated 15 U.S.C. § 1692e(8) which prohibits communicating to any person credit information which is known or should be known to be false.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e(2)(A)

15. Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

16. Defendant represented to the credit bureaus on November 20, 2016 that it maintained a collection account for Plaintiff when that representation was false.

17. Defendant made a false representation as to the character of the alleged debt by representing that it was still authorized to collect on the debt.

## JURY TRIAL DEMAND

18. Plaintiff demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff, ELVIRE GRETCZKO, respectfully requests that this Court enter judgment against Defendant, and on behalf of Plaintiff, and requests the following:

a. That an Order be entered declaring Defendant's actions, as described above, in violation of the FDCPA;

b. That a Judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c. That a Judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That this Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3); and

e.       That this Court grant such other and further relief as may be just and proper.

Dated: November 20, 2017

                                                      Respectfully Submitted,

                                                      <u>s/ Matthew T. Sheffield Esq.</u>
                                                      Matthew T. Sheffield Esq. (MS3234)
                                                      Law Offices of Michael Lupolover
                                                      120 Sylvan Avenue, Suite 303
                                                      Englewood Cliffs, NJ 07632
                                                      Telephone: 201-461-0059
                                                      Fax:  201-608-7116
                                                      Email: ms@lupoloverlaw.com